**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

JEFF CORRA,

Plaintiff,

v.                                                       CIVIL ACTION NO.  6:09-cv-01074

AMERICAN MODERN HOME
INSURANCE COMPANY,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a Motion to Dismiss [Docket 7] by defendant American Modern

Home Insurance Company ("American"), and a Motion to Stay the court's Order and Notice

[Docket 10] by plaintiff Jeff Corra.  For the reasons explained below, the Motion to Dismiss is

**GRANTED**, and the Motion to Stay is **DENIED**.

**I.  Factual and Procedural History**

On the evening of August 5, 2006, Mr. Corra's nineteen-year-old daughter Ashli invited

several friends to Mr. Corra's home in Parkersburg, West Virginia (the "residence").  Ashli Corra

and her friends consumed alcohol at the residence.  Ashli and her friends were all under the legal

drinking age.  Mr. Corra was present at the residence; however, he contends that he was outside for

much of the evening.

After consuming alcohol at the residence for much of the evening, several of Ashli's friends

drove to a convenience store to purchase more alcohol.  At around three o'clock in the morning, the

driver lost control of the automobile and collided with a tree.  The vehicle flipped; its occupants

were ejected.  Of the four occupants, two were killed and one was severely injured.  Only the driver was unharmed.

### A.  The Criminal Proceedings

On September 15, 2006, Mr. Corra was indicted on nine counts of knowingly furnishing "alcoholic liquors" to underage persons, in violation of West Virginia Code section 60-3-22a(b).[1] A jury convicted Mr. Corra on four counts of furnishing beer to minors.

The Supreme Court of Appeals of West Virginia overturned Mr. Corra's conviction.  It observed that Mr. Corra had been charged with providing "intoxicating liquor" to minors, but that the jury was instructed that it could find Mr. Corra guilty if he furnished "beer" to minors.  Under West Virginia law, the court explained, "beer" could include "nonintoxicating beer," which is not an "intoxicating liquor" under section 66-3-22a(b).  Thus, Mr. Corra "was convicted of a different crime than that for which he was indicted."  *State v. Corra*, 678 S.E.2d 306, 313 (W. Va. 2009).  The court reversed the conviction and prohibited a retrial.

### B.  The Declaratory Judgment Action

Mr. Corra notified American, his home insurer, of the accident on August 22, 2006.  In September 2006, the injured passenger and the estates of the two deceased passengers notified Mr. Corra that they intended to bring claims under Mr. Corra's homeowner's insurance policy for their damages arising out of the accident.

---

[1]     Section 60-3-22a(b) of the West Virginia Code provides that "[a]ny person who shall knowingly buy for, give to or furnish to anyone under the age of twenty-one to whom they are not related by blood or marriage, any alcoholic liquors from whatever source, is guilty of a misdemeanor."

On December 4, 2006, American filed a declaratory judgment action in this court against Mr. Corra, disavowing any responsibility to defend or indemnify Mr. Corra, or to make medical payments.  On October 22, 2009, I granted summary judgment to American on its claim that it owed no duty to indemnify or defend Mr. Corra, but I denied summary judgment on its medical payments claim.  *Am. Modern Home Ins. Co. v. Corra*, No. 6:06-cv-01015 (S.D. W. Va. Oct. 22, 2009).

On August 31, 2009, before I ruled on the declaratory judgment action, Mr. Corra filed this action in Circuit Court for Wood County, West Virginia.  American removed the case to federal court on October 2, 2009, based on diversity jurisdiction.  In his Complaint, Mr. Corra asserts four causes of action: breach of contract (Counts I and III), breach of duty of good faith and fair dealing (Count II), and violation of the West Virginia Unfair Trade Practices Act (Count IV).  Mr. Corra seeks compensatory and punitive damages, pre- and post-judgment interest, attorney's fees, and court costs.

American filed the Motion to Dismiss on October 13, 2009, asserting that, under Federal Rule of Civil Procedure 12(b)(6), the Complaint fails to state a claim upon which relief can be granted.  Mr. Corra filed a Response on October 23, 2009.  American filed its Reply on November 3, 2009.

## II.  Motion to Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S.

-3-

544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.*

## III.  Discussion

Mr. Corra's claims are based on the premise that American breached its obligations under Mr. Corra's policy by prematurely filing the declaratory judgment action.  In his Response to American's Motion to Dismiss, Mr. Corra states that "the issue is whether [American] should have filed its action in December 2006, after Corra had been indicted, but well before his trial took place, or held off until the criminal prosecution and appeal had been concluded.  Had [American] waited for the final outcome of the criminal litigation, [American] would have had no basis for a declaratory judgment action, as the Supreme Court of Appeals of West Virginia[] reversed Corra's conviction." (Resp. 5.)

Mr. Corra's claims are confusing at best.  He neither alleges facts nor cites law that support his claims.  Mr. Corra filed a claim with American.  American filed suit seeking a declaration of its duties under the policy.  In my October 22, 2009 Memorandum Opinion and Order in that case, I ruled that American had no duty to indemnify under that policy, regardless of the outcome of Mr. Corra's criminal appeal.  By not identifying a single instance of wrongdoing by American, Mr. Corra has failed to allege facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The Complaint must therefore be **DISMISSED**.

**IV. Conclusion**

The Motion to Dismiss [Docket 7] is **GRANTED**.  Mr. Corra's Motion to Stay the Order and Notice [Docket 10] is **DENIED** as moot.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        November 13, 2009

Joseph R. Goodwin, Chief Judge